EDWARD H. SEAMAN, RESPONDENT, *v.* LUTHER B. LEE AND GEORGE W. LEE, APPELLANTS.

*Stream — right of user by riparian owner — pollution of — remedy of party aggrieved by.*

Plaintiff built three ponds, for hatching and rearing trout, in a stream running through his land, which entered the same from the land of Hicks. Defendants dug a ditch from the rear of certain dwellings, erected by them, through Hick's land to the stream, and discharged drainage and waste water therein, whereby plaintiff's trout were killed. *Held*, that he was entitled to an injunction restraining the defendants from further corrupting and polluting the said stream.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought by the plaintiff to restrain the defendants from using a ditch, that they had dug to carry off waste water from their houses into a brook that fed the trout ponds of the plaintiff, and from fouling and corrupting the said stream; and also to recover damages for the loss of trout, occurring by the above acts.

*Samuel D. Morris*, for the appellants.

*Wm. H. Onderdonk*, for the respondent.

DYKMAN, J. :

The facts established by the testimony and found by the referee in this action are, that the plaintiff is the owner of a farm of land in Queens county ; that a stream of water comes on to it from the land of William S. Hicks, on the north, and flows through it ; that the plaintiff has constructed three ponds on his land on the line of the stream for the purpose of breeding, propagating and growing trout, and has stocked each of these ponds with trout ; that the defendants are the owners of land adjoining the land of Hicks, near to this stream, and have dug a ditch from the rear of their dwelling-house to this stream ; that the' drainage and waste waters, containing refuse matter, were carried through this ditch in the summer of 1874, into this stream, and by this stream into the plaintiff's ponds, and corrupted the waters thereof and caused the death of 720 trout in these ponds, which belonged to the plaintiff, and which were worth fifty-six dollars ; that the defendants at the time of the commencement of the action were using the ditch or drain for conveying off waste water, which contained unwholesome and injurious substances, and thus polluted and corrupted the waters of this stream and rendered the same impure and unwholesome.

The law applicable to this state of facts is not open to uncertainty.

The plaintiff has no property in the waters of this stream as it passed along through his land, but he had a right to its use ; he had a right to have it come into his land pure and in its natural course and way.

As water, like air, is an element in which no person can have an absolute property, yet, it is also, like air, free for the use of all, and the law has been diligent and rigorous to maintain it in its natural purity ; and any person who does any act to it is liable to an action for damages, and may be restrained from doing so by injunction.

The referee has found, upon sufficient evidence, that the defendants have fouled this stream of water and that the plaintiff has sustained damages thereby.

The judgment must be affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.